liPER CURIAM.
In this counseled, civil writ application, defendants Liberty Mutual Insurance Company and Seco Industries, Inc. challenge the trial court’s denial of their motion for summary judgment. However, failure to comply with Rule 4-8, Uniform Rules of Louisiana Courts of Appeal, precludes consideration of their application.
After defendants filed their motion for summary judgment, the trial court held a hearing on the motion on June 16, 1995. At the conclusion of the hearing, the trial court orally denied the motion for summary judgment in open court. On September 14,1995, the trial court signed a written judgment denying the motion for summary judgment. On September 21, 1995, defendants filed a notice of intent to seek writs. On that same date, the trial court set a return date of twenty-five days from the date the order was signed, i.e., October 16, 1995. Defendants filed the writ application on October 16,1995.
Uniform Rules of Louisiana Courts of Appeal, Rule 4-8, as amended effective January 1, 1995, provides that a return date must be set and an application filed with this Court within thirty days from the date of the “ruling at issue”[1], unless the trial court had, upon proper showing extended the return date upon the filing of a motion for an extension.[2]
[2The oral ruling denying defendants’ motion for summary judgment was rendered on June 16, 1995. This ruling is interlocutory; therefore, a written judgment is not necessary. The ruling can be reflected in a minute entry. See Jacoby v. State, 429 So.2d 209 (La.App. 1st Cir.), writ denied, 441 So.2d 771 (La.1983); Prejean v. Ortego, 262 So.2d 402 (La.App. 3d Cir.1972). For this reason, the thirty day delay began to run from the date of the oral ruling. Accordingly, the notice of intent filed on September 21, 1995, is untimely. Because this notice was filed with the trial court outside the thirty day period, the court’s setting of the return date for October 16, 1995, will not be considered a valid extension of the time for filing. Therefore, we find that the writ application is untimely and should not be considered.
WRIT NOT CONSIDERED.

. Rule 4-3 uses the terminology "ruling at issue” because interlocutory rulings rendered in open court can be reflected in the minute entry only.

. If the notice of intent to seek writs and/or a motion and order requesting a return date was filed with the trial court within 30 days of the ruling at issue, this Court has interpreted a return date set outside the 30 day period as an implicit extension of the return 'date by the trial court.