# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-672

JERRY WILLIAMSON

VERSUS

**DRESSER, INC. d/b/a DRESSER VALVE DIVISION**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 2
PARISH OF RAPIDES, NO. 04-03654
HONORABLE JAMES L. BRADDOCK, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JOHN D. SAUNDERS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Marc T. Amy, and Glenn B. Gremillion
Judges.

**APPEAL DISMISSED.**
**PLAINTIFF PERMITTED TO FILE**
**AN APPLICATION FOR SUPERVISORY WRIT**
**NO LATER THAN SEPTEMBER 13, 2007.**

Roy Seale Halcomb, Jr.
Broussard, Bolton, Halcomb
Post Office Box 1311
Alexandria, LA 71309
(318) 487-4589
COUNSEL FOR PLAINTIFF/APPELLANT:
    Jerry Williamson

Mark Alan Watson
Stafford, Stewart, & Potter
Post Office Box 1711
Alexandria, LA 71309
(318) 487-4910
COUNSEL FOR DEFENDANTS/APPELLEES:
    Dresser, Inc.
    Liberty Mutual Insurance Company

SAUNDERS, Judge.

This court, *sua sponte*, issued a rule for the plaintiff-appellant, Jerry Williamson, to show cause, by brief only, why the appeal in the above captioned case should not be dismissed as having been taken from a non-appealable, interlocutory order. For the reasons given below, we dismiss the appeal.

During the instant workers' compensation litigation, the parties to this action entered into settlement negotiations. The plaintiff avers that the parties reached an agreement of settlement. However, the plaintiff claims that before the settlement was submitted to the workers' compensation judge for approval, the defendants-appellees, Dresser, Inc., and Liberty Mutual Insurance Company, attempted to withdraw their approval of the settlement.

The plaintiff persisted in attempting to enforce the settlement and filed a motion with the workers' compensation court seeking such relief. Following a hearing on the matter, the trial court denied the plaintiff's motion, thereby refusing to enforce the purported agreement. The trial court signed a judgment denying the motion, but also ordered that this partial judgment be designated as immediately appealable pursuant to La.Code Civ.P. art. 1915(B).

The plaintiff then filed a motion and order seeking an appeal from this judgment. The trial court signed the order of appeal, and the record in this case was lodged in this court. Upon the lodging of the record, this court issued the instant rule for the plaintiff to show cause why the appeal should not be dismissed as having been taken from a non-appealable, interlocutory order. The plaintiff has filed a brief in response to this court's rule.

1

The plaintiff argues that due to the nature of the judgment refusing to enforce the purported settlement, this court should conclude that the trial court's ruling is a partial, final judgment which has been properly designated as appealable pursuant to La.Code Civ.P. art. 1915. The plaintiff does not challenge whether the particular judgment is a partial judgment. Rather, recognizing that the judgment is partial, the plaintiff contends that the trial court's reasons for designating this judgment as immediately appealable are sound and should be upheld by this court. Therefore, the plaintiff asks that this court recall its rule to show cause why the appeal should not be dismissed and maintain the appeal.

This court pretermits any consideration as to whether the denial of a motion to enforce the settlement is, in fact, an appealable judgment when the underlying action will continue. Instead, we find that the appeal in this case must be dismissed because La.Code Civ.P. art. 1915 has been held to be inapplicable to workers' compensation cases.

Thus, in *Rhodes v. Lewis*, 2001-1989 (La. 5/14/02), 817 So.2d 64, the supreme court held that La.Code Civ.P. art. 1915(A)(1) and (5) were inapplicable to workers' compensation suits. In that instance, two of three defendants had been dismissed from the suit. Even at the risk of having trial against less than all parties who might ultimately be held answerable, the supreme court declined to sanction the use of Article 1915 in workers' compensation actions.

Likewise, this court in *Evergreen Presbyterian Minist. v. Wallace*, 2005-1343 (La.App. 3 Cir. 4/5/06), 926 So.2d 759, ordered the dismissal of appeals which had been filed by both sides. In dismissing the appeals from rulings that

2

the claimant was entitled to supplemental earnings benefits, but that the claimant was not temporarily and totally disabled nor totally and permanently disabled, as well as other rulings deciding other issues in the case, this court stated:

> The law is clear, and we are bound to follow the supreme court's dictates, that a piecemeal appeal is not permissible in a workers' compensation case. The judgment of the Office of Workers' Compensation clearly establishes that issue of penalties and attorney fees is yet to be decided by it. As the second circuit noted in *Gajeske v. Integrated Electrical Services, Inc.*, 37,777 (La.App. 2 Cir. 10/29/03), 859 So.2d 896, in footnote four (*citing Rhodes*, 817 So.2d 64), a piecemeal appeal is not permissible when there are still issues involving penalties and attorney fees yet to determined. Until all issues have been decided in this case, this appeal is premature.

*Evergreen Presbyterian Minist.*, 926 So.2d at 763. Accordingly, we hereby dismiss the instant appeal at plaintiff's cost.

In the brief in response to this court's rule to show cause, the plaintiff asks for the alternative relief that this court convert the appeal into a writ application since the motion for appeal was filed within thirty days of the trial court's ruling. We find that justice mediates toward affording the plaintiff time within which to perfect a proper writ application from the trial court's ruling. Accordingly, we hereby order that the defendant be permitted to file a writ application in compliance with Uniform Rules—Courts of Appeal, Rule 4, seeking review of the subject judgment no later than (thirty days from the decision). The plaintiff is not required to file a notice of intent to seek writs nor to obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 4–3, as we hereby construe the motion for appeal as a timely filed notice of intent to seek a supervisory writ. However, a copy of this court's opinion herein should be attached as an exhibit to the writ application, if filed.

3

**APPEAL DISMISSED. PLAINTIFF PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRIT NO LATER THAN SEPTEMBER 13, 2007.**