STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 14-121


RAIN CII CARBON, LLC

VERSUS

TURNER INDUSTRIES GROUP, LLC, ET AL.


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2013-1325
HONORABLE ROBERT LANE WYATT, DISTRICT JUDGE

**********

SHANNON J. GREMILLION

JUDGE

**********

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and Shannon J. Gremillion, Judges.


APPEAL DISMISSED.

Brian George Corgan
Kilpatrick Stockton, LLP
1100 Peachtree Street, #2800
Atlanta, GA 30309-4530
(404) 815-6217
COUNSEL FOR DEFENDANT/APPELLEE:
    Turner Industries Group, LLC

**Joseph Anthony Delafield**
**Attorney at Law**
**3401 Ryan St., #307**
**Lake Charles, LA 70605**
**(337) 477-4655**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Turner Industries Group, LLC**

**Ashley Lucile Belleau**
**Omar K. Mason**
**Montgomery Barnett, LLP**
**1100 Poydras St., #3300**
**New Orleans, LA 70163**
**(504) 585-7932**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Victory Energy Operations, LLC**

**James Michael Garner**
**Sher, Garner, Cahill, etc.**
**909 Poydras Street, 28th Floor**
**New Orleans, LA 70112**
**(504) 299-2100**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Rain CII Carbon, LLC**

**Lamont Paul Domingue**
**Hoai T. Hoang**
**Voorhies & Labbe**
**Post Office Box 3527**
**Lafayette, LA 70502-3527**
**(337) 232-9700**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Recon Engineering, Inc.**

**Gerald L. Jackson**
**Crowe & Dunlevy**
**321 S. Boston Ave., #500**
**Tulsa, OK 74103-3313**
**(918) 592-9800**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Victory Energy Operations, LLC**

**GREMILLION, Judge.**

This court issued a rule for defendant-appellant, Victory Energy Operation, LLC (Victory), to show cause, by brief only, why its appeal should not be dismissed as taken from a non-appealable judgment. In response, Victory asked this court to convert this appeal into an application for a supervisory writ. For the reasons below, we hereby dismiss the appeal and decline to convert the appeal into an application for a supervisory writ of review.

On September 16, 2013, the trial court held a hearing on Victory's exceptions of improper venue, lack of jurisdiction, improper cumulation of actions, and vagueness. At this hearing, the trial court verbally denied Victory's motions. On September 30, the trial court signed a judgment that reduced its verbal rulings on Victory's motions to writing. On October 15, 2013, the trial court issued a notice of this judgment to the parties, and on October 29, 2013, Victory filed a motion for suspensive appeal from the judgment denying its exceptions of improper venue and lack of jurisdiction.

The trial court granted Victory's motion for suspensive appeal. After receiving the record, this court, on its own motion, issued a rule to show cause why Victory's appeal should not be dismissed as taken from a non-appealable judgment. In its brief to this court, Victory concedes that the procedural vehicle of appeal is not available in this case but requests this court to convert its appeal into an application for a supervisory writ of review. Thus, the only issue this court now considers is whether this court should convert Victory's appeal into an application for a supervisory writ of review where Victory's motion for appeal was filed more than thirty days after the trial court's verbal ruling on Victory's exceptions.

Parties have thirty days from the date of the ruling to file a writ application. Uniform Rules—Courts of Appeal, Rule 4–3. Where there is a verbal interlocutory ruling that is subsequently reduced to a written judgment, time delays for filing a notice of intent to seek supervisory writs start running from the verbal ruling as there is no requirement that an interlocutory ruling be in writing. *Clement v. Am. Motorists Ins. Co.,* 98-504 (La.App. 3 Cir. 2/3/99), 735 So.2d 670, *writ denied*, 99-603 (La. 4/23/99), 742 So.2d 886.

This court, in the interest of justice, permits parties—who use the improper procedural vehicle of appeal instead of supervisory writ—to file a writ application when a motion for appeal is filed within thirty days of the trial court's ruling. *See, e.g., Williamson v. Dresser, Inc.*, 07-672 (La.App. 3 Cir. 8/15/07), 964 So.2d 444. In doing so, we construe the motion for appeal as a notice of intent to seek a supervisory writ. *Id.*

Here, the motion for appeal was not filed within thirty days of the trial court's verbal ruling denying Victory's exceptions. Therefore, while Victory's motion for appeal can be construed to be a notice of intent to seek supervisory writs, it cannot be construed as a timely one. Thus, even if we were to allow Victory time to perfect a proper writ application, that writ application would be dismissed because of untimeliness. Based on these considerations, we dismiss this appeal and decline to construe Victory's motion for appeal as a timely notice of intent to seek supervisory writs.

**APPEAL DISMISSED.**