NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 14-1003


SUCCESSION OF CHRISTOPHER EDWARD GAVIN


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 87,231, DIV. B
HONORABLE JOHN C. FORD, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

SYLVIA R. COOKS

JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Judges Sylvia R. Cooks, Billy H. Ezell and Shannon J. Gremillion.


APPEAL DISMISSED.

Angelo Joseph Piazza, III
Attorney at Law
Post Office Box 429
Marksville, LA 71351
(318) 253-6423
COUNSEL FOR APPELLEE:
    Alexis Jade Debellevue

Patricia Gavin Sandberg
2475 Virginia Ave, #323
Washington, DC 20037
(703) 439-4403
IN PROPER PERSON APPELLANT:
    Patricia Gavin Sandberg

**Christopher Patrick Gavin**
**Post Office Box 626**
**Thayne, WY 83127**
**IN PROPER PERSON APPELLEE:**
       **Christopher Patrick Gavin**

**COOKS, Judge.**

This court issued a rule for *pro se* appellant, Patricia Gavin, to show cause, by brief only, why this appeal should not be dismissed as having been taken from a non-appealable, interlocutory ruling. For the reasons below, we hereby dismiss the appeal.

On March 25, 2014, the trial court denied the appellant's "Request for Production of Tax and Military Records of Christopher Edward Gavin Due to Fraud and Nondisclosure of Marital Assets Converted to Satisfy a Debt to the United States Government." Notice of judgment was issued on March 27, 2014. On May 23, 2014, the appellant filed an Order for Appeal, seeking a devolutive appeal of the trial court's ruling. The trial court construed the order as a motion for an appeal, and a devolutive appeal was granted. Upon receipt of the record, this court, on its own motion, issued a rule to show cause why the appellant's appeal should not be dismissed as having been taken from a non-appealable, interlocutory ruling.

A "Motion for Continuance to File Objections to Motion to Dismiss and Brief on the Merits with Application in Forma Pauperis," with supporting documents, was received from the appellant on October 15, 2014. The Appellant states therein that she requests a continuance of thirty days, not for the purpose of delay, but to file an application to proceed *in forma pauperis*. The appellant, however, fails to argue in her brief why the appeal should not be dismissed as having been taken from a non-appealable, interlocutory ruling.

The judgment appealed, which denied the appellant's "Request for Production of Tax and Military Records of Christopher Edward Gavin Due to Fraud and Nondisclosure of Marital Assets Converted to Satisfy a Debt to the

United States Government," does not decide the merits of this case and is interlocutory. La.Code Civ.P. art. 1841. As no statute expressly provides for an appeal of this interlocutory ruling, we find that the appeal must be dismissed. La.Code Civ.P. art. 2083.

This court, in the interest of justice, permits parties—who use the improper procedural vehicle of appeal instead of supervisory writs—to file a writ application when a motion for appeal is filed within thirty days of the trial court's ruling. *See, e.g.*, *Williamson v. Dresser, Inc.*, 07-672 (La.App. 3 Cir. 8/15/07), 964 So.2d 444. In doing so, we construe the motion for appeal as a notice of intent to seek a supervisory writ. *Id.* Here, the motion for appeal was not filed within thirty days of notice of judgment; thus, the motion for appeal cannot be construed as a timely notice of intent to seek supervisory writs. Accordingly, we hereby dismiss the instant appeal at appellant's cost and decline to enter an order permitting the filing of an application for supervisory writ.

**APPEAL DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.