# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## WCA 15-216

**MID-STATE ORTHOPAEDIC AND SPORTS MEDICINE CENTER, INC. (DeRHONDA BROWN)**

**VERSUS**

**ALLIANCE COMPRESSORS, LLC**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 2
PARISH OF RAPIDES, NO. 10-08235
JAMES L. BRADDOCK, WORKERS COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

## JOHN E. CONERY

## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Judges Jimmie C. Peters, James T. Genovese, and John E. Conery.

**APPEAL DISMISSED.**

**Richard Bray Williams**
**Williams Family Law Firm, L.L.C**
**Post Office Box 15**
**Natchitoches, LA 71458-0015**
**(318) 352-6695**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
      Mid-State Orthopaedic and Sports Medicine Center, Inc.

**Scott T. Winstead**
**Craig J. Geraci, Jr.**
**Burleson, L.L.P.**
**650 Poydras St., Suite 2750**
**New Orleans, LA 70130**
**(504) 526-4350**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      Alliance Compressors, LLC

**CONERY, Judge.**

This court issued a rule for the appellant, Alliance Compressors, LLC, to show cause, by brief only, why this appeal should not be dismissed as having been taken from a non-appealable, interlocutory ruling. The appellant did not file a brief in response to the rule. For the reasons below, we hereby dismiss the appeal.

On October 20, 2014, the workers' compensation court denied the appellant's motion for summary judgment. In an unpublished ruling, a writ application seeking review of this judgment was denied by this court. *Mid-State Orthopaedic and Sports Medicine Center, Inc. v. Alliance Compressors, LLC*, 15-19 (La.App. 3 Cir. 2/12/15). Upon receipt of the record, this court, on its own motion, issued a rule to show cause why the appellant's appeal should not be dismissed as having been taken from a non-appealable, interlocutory ruling.

The judgment appealed, which denied the appellant's motion for summary judgment, does not decide the merits of this case and is interlocutory. La.Code Civ.P. art. 1841. As no statute expressly provides for an appeal of this interlocutory ruling, we find that the appeal must be dismissed. La.Code Civ.P. art. 2083. A review of the ruling would also be repetitious; thus, we do not construe the motion for appeal as a notice of intent to seek a supervisory writ. *See, e.g., Williamson v. Dresser, Inc.*, 07-672 (La.App. 3 Cir. 8/15/07), 964 So.2d 444.

**APPEAL DISMISSED.**