# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-1207

## BIOSONIX, LLC AND WILLIAM H. LEWIS

## VERSUS

## BENJAMIN ASHER LUKE, ET AL.

**\*\*\*\*\*\*\*\*\***

## APPEAL FROM THE
## NINTH JUDICIAL DISTRICT COURT
## PARISH OF RAPIDES, DOCKET NO. 244,629
## HONORABLE MARY L. DOGGETT, DISTRICT JUDGE
**\*\*\*\*\*\*\*\*\***

## SYLVIA R. COOKS
## JUDGE

**\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Shannon J. Gremillion and David Kent Savoie, Judges.

**APPEAL DISMISSED.**

James L. Maughan
The Maughan Law Firm, L.L.C.
634 Connell's Park Lane
Baton Rouge, LA 70806
(225) 926-8533
**ATTORNEY FOR PLAINTIFFS/APPELLANTS**
      Biosonix, L.L.C. and William Lewis

James H. Gibson
Stacy N. Kennedy
Allen & Gooch
2000 Kaliste Saloom Rd., Suite 400
Lafayette, LA 70508
P.O. Box 81129
Lafayette, LA 70598-1129
(337) 291-1300
**ATTORNEY FOR DEFENDANTS/APPELLEES**
      Benjamin Luke and Benjamin A. Luke, Attorney at Law, L.L.C.

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

On May 18, 2012, Plaintiffs, Biosonix, L.L.C. and Williams Lewis, filed a legal malpractice suit against Benjamin Luke, an attorney who resides and works in Avoyelles Parish, Louisiana. Plaintiffs alleged Luke was negligent in drafting security agreements on behalf of Sports Design & Development, Inc. (SDD) and that his representation of SDD created conflicts of interest.[1] They further alleged Luke's ongoing representation of SDD violated Rule 1.9 of the Model Rules of Professional Conduct. SDD is a licensed Louisiana corporation with its principal place of business in Rapides Parish.

The damages were allegedly caused by affirmative acts that occurred in Rapides Parish while Luke was representing SDD in litigation involving claims and defenses substantially related to matters involved in Luke's prior representation of Lewis and Biosonix. The Plaintiffs maintained the wrongful conduct occurred in Rapides Parish when Luke traveled there to engage in activity in breach of his fiduciary duties. Plaintiffs also maintained they suffered damages in Rapides Parish because Lewis' immovable property in Rapides Parish was seized and they were subject to additional litigation in Rapides Parish as a result of Luke's actions.

In response to Plaintiffs' suit, Luke filed an exception of improper venue as to Rapides Parish, arguing since he resides and works in Avoyelles Parish, the Plaintiffs' assertions against him involve allegedly wrongful acts which would have occurred at his law office in Avoyelles Parish. On October 22, 2012, an evidentiary hearing was held, at which Luke testified. He stated that all of the drafting of documents and communications with SDD occurred at his law office in Avoyelles Parish. The trial court sustained Luke's exception of improper venue

---

[1] Plaintiff, William Lewis, is a shareholder of SDD and the sole owner of Biosonix, L.L.C.

2

and transferred the matter to Avoyelles Parish. Plaintiffs then filed for supervisory writs with this court.

On May 22, 2013, this court granted in part Plaintiffs' writ application, and instructed they should be given an opportunity to amend and cure any defect prior to transferring the matter to Avoyelles Parish. We stated in pertinent part:

> We find the trial court erred when, after sustaining the respondent's declinatory exception of improper venue, it failed to order that the relators are permitted a time within which to amend their petition to remove the grounds of the exception as required by La.Code Civ.P. art. 932. *See also M and M Gaming, Inc. v. Storey*, 01-545 (La.App. 4 Cir. 5/30/01), 788 So.2d 1230. We hereby grant the relators thirty days from this court's ruling within which to amend their petition to remove the grounds of the exception, failing which the action is to be transferred to Avoyelles Parish.

*Biosonix, LLC v. Luke*, 13-77 (La.App. 3 Cir. 5/21/13), (unpublished decision)

In accordance with our ruling, Plaintiffs timely filed a First Amended and Supplemental Petition for Damages attempting to establish proper venue in Rapides Parish. Shortly after the amended petition was filed, Luke again filed an exception of improper venue.

At the hearing on the exception, held on June 23, 2014, Plaintiffs argued because the wrongful conduct occurred in Rapides Parish and the damages were sustained there, Rapides Parish was the only parish of proper venue.[2] After considering the arguments and jurisprudence, the trial court again granted the exception of improper venue and the matter was transferred to Avoyelles Parish. A judgment in accordance with this ruling was signed on July 15, 2014.

On August 18, 2014, Plaintiffs filed a Motion for Appeal, arguing the trial court erred in finding venue was improper in Rapides Parish. Luke subsequently filed a Motion to Dismiss Appeal alleging the appeal is improper and untimely. Specifically, Luke maintains Plaintiffs' only procedural method for seeking

---

[2] Although Plaintiffs maintain in brief that Rapides Parish is the *only* parish of proper venue, it is irrelevant whether it is the *only* parish of proper venue. As is discussed in detail later in this opinion, venue may be proper in more than one parish, and if so, it is the plaintiff's choice as to which parish to proceed in. Thus, it is only relevant to this matter if Rapides Parish is a proper place of venue.

3

appellate review of the trial court's ruling was to file an application for supervisory writs. Luke also contends, even if this court construed Plaintiffs' Motion for Appeal as a notice of intent to seek supervisory writs, such a writ application would nevertheless be untimely as it was filed more than thirty days from the date of the verbal ruling at the June 23, 2014 hearing. The Motion to Dismiss was referred to the merits. Finding the law supports Luke's argument, we must dismiss Plaintiffs' appeal.

## ANALYSIS

Parties have thirty days from the date of a trial court's ruling to file a writ application with the appellate court. Uniform Rules--Courts of Appeal, Rule 4-3. In *Rain CII Carbon, LLC v. Turner Industries Group, LLC*, 14-121 (La.App. 3 Cir. 3/19/14), this court addressed a similar situation and explained:

> Where there is a verbal interlocutory ruling that is subsequently reduced to a written judgment, time delays for filing a notice of intent to seek supervisory writs start running from the verbal ruling as there is no requirement that an interlocutory ruling be in writing. *Clement v. Am. Motorists Ins. Co.*, 98-504 (La.App. 3 Cir. 2/3/99), 735 So.2d 670, *writ denied*, 99-603 (La.4/23/99), 742 So.2d 886.
>
> This court, in the interest of justice, permits parties--who use the improper procedural vehicle of appeal instead of supervisory writ--to file a writ application when a motion for appeal is filed within thirty days of the trial court's ruling. *Williamson v. Dresser, Inc.*, 07-672 (La.App. 3 Cir. 8/15/07), 964 So.2d 444. In doing so, we construe the motion for appeal as a notice of intent to seek a supervisory writ. *Id.*

Here, as in *Rain CII Carbon*, the motion for appeal was not filed within thirty days of the trial court's verbal ruling granting the exception of improper venue (nor was it filed within thirty days of the written judgment). Had the motion for appeal been filed within this thirty-day window, we would have deemed it a timely notice of intent to seek supervisory writs. However, the Motion for Appeal was filed after the thirty-day period lapsed. Thus, even if we were to allow

Plaintiffs time to perfect a proper writ application, we would have to dismiss that writ application because of untimeliness.

Based on the above, we are mandated to dismiss the appeal and cannot construe Plaintiffs' motion for appeal as a timely notice of intent to seek supervisory writs. This appeal is dismissed.

**APPEAL DISMISSED.**