NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 23-338

TODD J. BAUDOIN

VERSUS

TERRY LEE, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 101529-I
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

CHARLES G. FITZGERALD

JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, Charles G. Fitzgerald and Gary J. Ortego, Judges.

APPEAL DISMISSED.

**Jo Ann Nixon**
**Glenda M. August & Associates**
**129 West Pershing St.**
**New Iberia, La 70560**
**(337) 369-7437**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Todd J. Baudoin**

**Jessica N. Clement**
**Attorney at Law**
**4023 Ambassador Caffery #100**
**Lafayette, LA 70598-8040**
**(337) 988-7240**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**State Farm Mutual Automobile Insurance Company**

**FITZGERALD, Judge.**

This court issued a rule for Plaintiff-Appellant, Todd J. Baudoin, to show cause, by brief only, why this appeal should not be dismissed as having been taken from a non-appealable, interlocutory ruling. For the reasons below, we hereby dismiss the appeal.

On November 21, 2022, the trial court denied Appellant's motion for a new trial. A written judgment was signed on November 22, 2022. On January 3, 2023, Appellant filed a motion and order for appeal, and a devolutive appeal was granted on January 4, 2023. Upon receipt of the record, this court, on its own motion, issued a rule to show cause why Appellant's appeal should not be dismissed as having been taken from a non-appealable, interlocutory ruling.

A response to the rule was received from Appellant on June 30, 2023. Appellant acknowledges filing a motion for new trial based upon the failure to appropriately calculate the time of the final action taken in the underlying lawsuit. Appellant argues that while ordinarily, this court would be correct in that a motion for new trial would represent an interlocutory matter, a motion denying a new trial based on abandonment which dismisses the entire action reverts back to the judgment of abandonment, and as such, is dispositive of the rights of the parties.

In *Babineaux v. University Medical Center*, 15-292, p. 4 (La.App. 3 Cir. 11/4/15), 177 So.3d 1120, 1123, this court explained:

> A judgment that does not determine the merits is an interlocutory judgment. La.Code Civ.P. art. 1841. "A judgment denying a motion for new trial is an interlocutory order, not a final appealable judgment. *Shavers v. Shavers*, 350 So.2d 912 (La.App. 3 Cir. 1977). Interlocutory judgments are not appealable, unless provided by law. La.Code Civ.P. art. 2083(C)." *McClure v. City of Pineville*, 05-1460, p. 3 (La.App. 3 Cir. 12/06/06), 944 So.2d 805, 807, *writ denied*, 07-43 (La. 3/9/07), 949 So.2d 446. The appealability of a motion for a new trial is not expressly provided by law, and Mr. Babineaux points to no legislation or jurisprudentially-created rule providing otherwise.

The judgment appealed which denied Appellant's motion for new trial does not decide the merits of this case and is interlocutory. La.Code Civ.P. art. 1841. Accordingly, we find that the appeal must be dismissed. La.Code Civ.P. art. 2083.

This court, in the interest of justice, permits parties—who use the improper procedural vehicle of appeal instead of supervisory writs—to file a writ application when a motion for appeal is filed within thirty days of the trial court's ruling. *See, e.g., Williamson v. Dresser, Inc.*, 07-672 (La.App. 3 Cir. 8/15/07), 964 So.2d 444. In doing so, we construe the motion for appeal as a notice of intent to seek a supervisory writ. *Id.* Here, the motion for appeal was not filed within thirty days of the trial court's ruling; thus, the motion for appeal cannot be construed as a timely notice of intent to seek supervisory writs. Accordingly, we hereby dismiss the instant appeal at Appellant's cost and decline to enter an order permitting the filing of an application for supervisory writ.

**APPEAL DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.