NOT DESIGNATED FOR PUBLICATION

# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 23-559

**DONTRALE PHILLIPS**

**VERSUS**

**DAVID JULIAN FOSHEE, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 274,897
HONORABLE MONIQUE FREEMAN RAULS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**CANDYCE G. PERRET**

**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Candyce G. Perret, Jonathan W. Perry, and Ledricka J. Thierry, Judges.

APPEAL DISMISSED.
APPELLANT PERMITTED TO FILE
APPLICATION FOR SUPERVISORY WRITS.

**Joshua J. Dara, Jr.**
**Gold, Weems, Bruser, Sues & Rundell**
**Post Office Box 6118**
**Alexandria, LA 71301**
**(318) 445-6471**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **David Julian Foshee**

**Dontrale Phillips**
**Louisiana State Prison**
**17544 Tunica Trace**
**Angola, La 70712**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
      **Dontrale Phillips**

**PERRET, Judge.**

On September 7, 2023, this court issued a rule ordering Plaintiff-Appellant, Dontrale Phillips, to show cause, by brief only, why the instant appeal should not be dismissed for having been taken from a non-appealable, interlocutory ruling. For the reasons discussed herein, we dismiss the appeal.

On September 27, 2023, Appellant, pro se, filed a Petition for Civil Action, naming Detective David Foshee, the Alexandria Police Department, and Judge Thomas Yeager as defendants. During the pendency of the litigation, Appellant filed an Amended or Supplemental Motion for Summary Judgment. The motion was heard on June 12, 2023, and was denied. A written judgment was signed on July 18, 2023. Appellant's motion to appeal the ruling was filed on June 30, 2023, and granted that same day.

Upon the lodging of the appeal, this court issued a rule to show cause why the appeal should not be dismissed as having been taken from a non-appealable, interlocutory judgment. In response to the rule to show cause, Appellant filed an Appellate Brief Supplement wherein Appellant states that he "has shown cause to appeal the interlocutory judgments where they operate to void final judgments in favor of plaintiff." The brief, however, does not address why the instant appeal should not be dismissed for having been taken from a non-appealable, interlocutory ruling.

The ruling at issue, the denial of a motion for summary judgment, is an interlocutory ruling from which no appeal may be taken. *Lyons v. Spell*, 96-3 (La.App. 3 Cir. 2/28/96), 670 So.2d 536. We note, however, that Appellant filed his motion to appeal within the thirty-day period allowed for the filing of an application for supervisory writs. Uniform Rules—Courts of Appeal, Rule 4–3. In the interest of justice, this court may permit a party to file a writ application when a

motion for appeal is filed within thirty days of the trial court's ruling. *Rain CII Carbon, LLC v. Turner Industries Group, LLC*, 14-121 (La.App. 3 Cir. 3/19/14), 161 So.3d 688. Accordingly, we exercise our discretion and construe the motion for appeal as a notice of intent to file for supervisory writs. The appeal in docket number 23-559 is hereby dismissed, and Appellant is given until December 22, 2023, to file a properly documented application for supervisory writs pursuant to Uniform Rules—Courts of Appeal, Rule 4–5.

**APPEAL DISMISSED.**
**APPELLANT PERMITTED TO FILE**
**APPLICATION FOR SUPERVISORY WRITS.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.