NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 23-735

ROBERT J. SAMPIA AND ALFRED MCZEAL, JR.

VERSUS

BILLIE JEAN DOUCET AND/OR ESTATE OF BILLIE JEAN

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2022 4338
HONORABLE LAURIE A. HULIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

SHANNON J. GREMILLION

JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, Gary J. Ortego, and Wilbur L. Stiles,
Judges.

APPEAL DISMISSED;
APPELLANTS PERMITTED TO FILE
APPLICATION FOR SUPERVISORY WRITS.

Timothy Kevin Reynolds
Reynolds Law Firm, LLC
315 S. College, Suite 101
Lafayette, LA 70503
(337) 593-0344
COUNSEL FOR INTERVENOR/APPELLEE:
    James Troyanowski

Alfred McZeal, Jr.
In Proper Person
8950 Westpark Drive, Suite 302
Houston, TX 77063

Robert J. Sampia, Jr.
In Proper Person
314 Carmel Drive
Lafayette, LA 70501

**GREMILLION, Judge.**

On January 22, 2024, this court issued a rule ordering Appellants, Robert J. Sampia, Jr. and Alfred McZeal, Jr., to show cause, by brief only, why the instant appeal should not be dismissed for having been taken from a non-appealable, interlocutory order.

On August 17, 2022, Appellants filed A Petition to Quiet Title, Writ of Mandamus & Order Directing the Sheriff to Convey Full Title. Appellants subsequently sought a preliminary default on September 22, 2022. Appellee, James Troyanowski, filed a Peremptory Exception of Nonjoinder of Necessary and/or Indispensable Party on December 16, 2022, asserting that he already had title to the property at issue prior to the time Appellants filed suit. The exception was denied on January 11, 2023.

On March 23, 2023, Appellee filed a Motion to Intervene. Appellee then filed an Amended Motion to Intervene, asserting that pursuant to La.Code Civ.P. art. 1033, an incidental demand may be filed without leave of court at any time up and including the time an answer to the principal demand is filed. As such, Appellee maintained that a hearing on the Motion to Intervene was not necessary. An Order was subsequently signed, granting the Motion to Intervene on March 24, 2023. Appellants filed an Objection to the trial court's ruling on April 4, 2023. Following a hearing on May 15, 2023, Appellants' objection was overruled. Notice of judgment was mailed to the parties on May 16, 2023.

A Motion and Order on Appeal was filed by Appellants on May 25, 2023. When the record was lodged in this court, a rule to show cause was issued to the Appellants to show cause, by brief only, why the appeal of the judgment should not be dismissed for having been taken from a non-appealable, interlocutory ruling.

Appellants timely filed a brief in this court, asserting therein that the trial court's granting an intervention constitutes a final judgment or a judgment with attributes of finality that warrants immediate appellate review under Louisiana law. Appellants acknowledge that this appeal seeks review of an interlocutory order and assert that Louisiana law recognizes the appealability of certain interlocutory orders under specific circumstances. Further, Appellants maintain that this court has discretion to grant such appeals and cite Louisiana Supreme Court cases in support of their argument. *City of New Orleans v. Board of Directors of Louisiana State Museum*, 98-1170 (La. 3/2/99), 739 So.2d 748; *St. Paul Fire and Marine Ins. Co. v. Smith*, 609 So.2d 809 (La.1992). Although Appellants urge that these cases collectively establish a clear precedent for the appealability of interlocutory orders in Louisiana, we find that these cases do not lend support to Appellants' argument that the ruling herein is properly before this court on appeal.

We note that the judgment at issue was signed on May 15, 2023, and notice of judgment was issued on May 16, 2023. Appellants did not seek review of the trial court's ruling via supervisory writs. Appellants, however, filed a motion for appeal on May 25, 2023, within the thirty-day period allowed for the filing of an application for supervisory writs. Uniform Rules—Courts of Appeal, Rule 4-3.

In the interest of justice, this court may permit a party to file a writ application when a motion for appeal is filed within thirty days of the trial court's ruling. *Rain CII Carbon, LLC v. Turner Industries Group, LLC*, 14-121 (La.App. 3 Cir. 3/19/14), 161 So.3d 688. Accordingly, we exercise our discretion and construe the motion for appeal as a notice of intent to file for supervisory writs. The devolutive appeal in docket number 23-735 is hereby dismissed, and Appellants are given until April 1,

2024, to file a properly documented application for supervisory writs pursuant to Uniform Rules—Courts of Appeal, Rule 4–5.

**APPEAL DISMISSED;**
**APPELLANTS PERMITTED TO FILE**
**APPLICATION FOR SUPERVISORY WRITS.**