NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

24-691

PRATIMAKONE (TOMMY) APHAIYARATH

VERSUS

LAFAYETTE MUNICIPAL FIRE AND POLICE
CIVIL SERVICE BOARD

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2024-1857
HONORABLE CYNTHIA SPADONI, DISTRICT JUDGE

**********

CANDYCE J. PERRET

JUDGE

**********

Court composed of Candyce G. Perret, Gary J. Ortego, and Ledricka J. Thierry, Judges.

APPEAL DISMISSED. APPELLANT PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.

**Daniel M Landry, III**
**Attorney at Law**
**P.O. Box 3784**
**Lafayette, La 70502**
**(337) 237-7135**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
     **Pratimakone (Tommy) Aphaiyarath**

**M.Candice Hattan**
**Attorney at Law**
**P. O. Drawer 91850**
**Lafayette, LA 70509**
**(337) 234-0431**
**COUNSEL FOR DEFENDANT-APPELLEE:**
     **Lafayette Municipal Fire & Police Civil Service Board**

**Michael P. Corry, Sr.**
**Briney, Foret & Corry**
**413 Travis Street, Ste 200**
**Lafayette, LA 70503-2459**
**(337) 237-4070**
**COUNSEL FOR DEFENDANT-APPELLEE:**
     **Lafayette City Parish Consolidated Government/Lafayette Police Dept,**
     **A/K/A City of Lafayette**

**PERRET, Judge.**

On December 27, 2024, this court issued a rule ordering Plaintiff-Appellant, Pratimakone (Tommy) Aphaiyarath, to show cause, by brief only, why the instant appeal should not be dismissed for having been taken from a non-appealable, interlocutory ruling. For the reasons discussed herein, we dismiss the appeal.

**FACTS AND PROCEDURAL HISTORY:**

Appellant was a police officer with the Lafayette City Police Department. He was terminated on August 3, 2023. Pursuant to Civil Service Law, Appellant appealed his termination to the Lafayette Fire and Police Civil Service Board. On March 13, 2024, the Civil Service Board upheld the termination of Appellant after a contradictory hearing. From that ruling, Appellant appealed to the 15th Judicial District Court, who ruled in favor of the Civil Service Board, maintaining his termination. Judgment was signed on August 6, 2024. Notice of signing of the judgment was mailed on August 7, 2024. On August 15, 2024, within 30 days of that signing of judgment, Appellant filed a Petition for Appeal.

Upon the lodging of the appeal, this court issued a rule to show cause why the appeal should not be dismissed as having been taken from a non-appealable, interlocutory judgment. In response to the rule to show cause, Appellant filed an Appellate Brief Supplement wherein he conceded that this court lacks appellate jurisdiction.

Louisiana Revised Statutes 33:2501(E)(1) states:

> Any employee under classified service and any appointing authority may appeal from any decision of the board, or from any action taken by the board under the provisions of the Part that is prejudicial to the employee or appointing authority. This appeal shall lie direct to the court of original and unlimited jurisdiction in civil suits of the parish wherein the board is domiciled.

In *In re Scott*, 15-199 (La.App. 3 Cir. 10/7/15), 175 So.3d 1058, this court, citing *Miazza v. City of Mandeville*, 10-304 (La. 5/21/10), 34 So.3d 849, held that a court of appeal lacks jurisdiction when appellate jurisdiction has been vested in the district court. *See also Lafayette Consol. Gov't v. Robert*, 22-179 (La.App. 3 Cir. 11/2/22)(2022 WL 16631348)(unpublished opinion). The court in *In re Scott* converted the matter to an application for supervisory writ, which Mr. Aphaiyarath has requested we do, as he agrees that this court does not have appellate jurisdiction.

We note that Appellant filed his motion to appeal within the thirty-day period allowed for the filing of an application for supervisory writs. Uniform Rules—Courts of Appeal, Rule 4–3. In the interest of justice, this court may permit a party to file a writ application when a motion for appeal is filed within thirty days of the trial court's ruling. *Rain CII Carbon, LLC v. Turner Indus. Grp., LLC*, 14-121 (La.App. 3 Cir. 3/19/14), 161 So.3d 688. Accordingly, we exercise our discretion and construe the motion for appeal as a notice of intent to file for supervisory writs. The appeal in docket number 24-691 is hereby dismissed, and Appellant is given thirty days from the date of this decision to file a properly documented application for supervisory writs pursuant to Uniform Rules—Courts of Appeal, Rule 4–5.

**APPEAL DISMISSED. APPELLANT PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.