STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

DOCKET NUMBER
2024 CA 0906

AMBER L. PREPOTENTE

VERSUS

CHESTER L. WILLIAMS, ALLSTATE PROPERTY
AND CASUALTY INSURANCE COMPANY AND
GEICO SECURE INSURANCE COMPANY

Judgment Rendered: **FEB 2 1 2025**

* * * * *

ON APPEAL FROM THE
TWENTY-FIRST JUDICIAL DISTRICT COURT, DIVISION C
IN AND FOR THE PARISH OF LIVINGSTON
STATE OF LOUISIANA
DOCKET NUMBER 172,210

HONORABLE ERIKA W. SLEDGE, JUDGE PRESIDING

* * * * *

| | |
|---|---|
| Michael L. Hebert<br>Baton Rouge, Louisiana | Attorney for Plaintiff-Appellant<br>Amber L. Prepotente |
| | |
| P.M. Donovan<br>Ross Reboul<br>Connor S. Roberts<br>Metairie, Louisiana | Attorneys for Defendants-Appellees<br>Chester L. Williams and Allstate<br>Property and Casualty Insurance<br>Company |

**BEFORE:  WOLFE, MILLER, and GREENE, JJ.**

**GREENE, J.**

The plaintiff in this personal injury suit appeals a judgment denying her Motion to Enforce Settlement and for Penalties and Attorney Fees. After review, we dismiss the appeal as it was taken from a non-appealable interlocutory judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

On September 2, 2021, Amber L. Prepotente and Chester L. Williams were involved in an automobile accident in Denham Springs, Louisiana, wherein Mr. Williams ran into the back of Ms. Prepotente's vehicle. Ms. Prepotente filed suit against Mr. Williams; his insurer, Allstate Property and Casualty Insurance Company; and her insurer, Geico Secure Insurance Company. She later filed a First Amending and Supplemental Petition adding Orange Business Services, U.S., Inc. (OBS) as a defendant, alleging OBS was Mr. Williams' employer on the date of the accident and was vicariously liable for his negligence.

On October 2, 2023, Allstate and Ms. Prepotente agreed to settle her claims against Allstate and Mr. Williams for the $50,000 policy limits of Mr. Williams' Allstate policy, inclusive of liens and costs. On November 9, 2023, Ms. Prepotente filed a Motion to Enforce Settlement and for Penalties and Attorney Fees alleging Allstate failed to pay the settlement within 30 days after the settlement agreement had been reduced to writing and, further, was liable for penalties and attorney fees under La. R.S. 22:1892 and 22:1973. After a January 8, 2024 hearing, the trial court signed a judgment on March 6, 2024, denying Ms. Prepotente's motion. The trial court clerk mailed notice of the judgment on March 8, 2024. On April 18, 2024, Ms. Prepotente filed a Motion for Devolutive Appeal from the March 6, 2024 judgment.

After the appeal was lodged, this Court issued a Rule to Show Cause Order noting that the March 6, 2024 judgment appeared to be a non-appealable ruling and ordering the parties to file briefs as to whether the appeal should or should not be dismissed. After the parties responded, this Court issued an Interim Order remanding the matter and inviting the trial court: to advise whether the March 6, 2024 judgment warranted designation as a final judgment under La. C.C.P. art. 1915(B); to sign a judgment with a

La. C.C.P. art. 1915(B) designation, if appropriate; and, if so designated, to provide a *per curiam* giving reasons why there was no just reason for delay.

On January 30, 2025, the appellate record was supplemented with the following reasons provided by the trial court:

### REASONS FOR ABSENCE OF La. C.C.P. Art. 1915(B) DESIGNATION

This matter came before the Court on January 8, 2024, on Plaintiff, Amber Prepotente's, Motion to Enforce Settlement and for Penalties and Attorney Fees. Plaintiff argued a settlement agreement between the parties was reduced to writing, however Defendants, Allstate Property and Casualty Insurance Company and Chester Williams, failed to issue payment for the agreed upon amount. Plaintiff further asserted entitlement to La. R.S. 22:1973 penalties and attorney fees based upon the insurer's alleged failure to pay the settlement amount within thirty days of the agreement being reduced to writing.

The Court, via Judgment signed March 6, 2024, denied Plaintiff's Motion, as the settlement funds had been received, resolving the underlying claims between the parties and mooting any need for enforcement of the settlement. For these reasons, Plaintiff's claim for penalties and attorney fees were also denied. Thus, it is this Court's appreciation that the March 6, 2024 Judgment resolved all claims between the parties through the denial of Plaintiff's Motion to Enforce Settlement and for Penalties and Attorney Fees. Accordingly, the Court does not believe an art. 1915(B) designation is necessary in this instance, as the Judgment adjudicates all issues remaining in the case and does not constitute a partial judgment.

## DISCUSSION

A final judgment is one that determines the merits of a controversy in whole or in part. La. C.C.P. art. 1841. In contrast, an interlocutory judgment is one that does not determine the merits but only preliminary matters in the course of the action. *Id.* While a final judgment is appealable "in all causes in which appeals are given by law," an interlocutory judgment is appealable "only when expressly provided by law." La. C.C.P. art. 2083.

A judgment denying a motion to enforce a settlement agreement and seeking penalties and attorney fees is an interlocutory judgment. *Palmisano v. Nauman-Anderson*, 17-511 (La. App. 5 Cir. 12/27/17), 236 So.3d 1275, 1277. Such a judgment does not determine the merits of a controversy in whole or in part. It does not dismiss

3

a party nor does it dismiss the entire case. *See Lowe v. Leon Lowe & Sons, Inc.,* 2023-0920 (La. App. 1 Cir. 10/17/24), 2024 WL 4511447, * 4; *In re Dissolution of Oak Island Corporation,* 2023-1239 (La. App. 1 Cir. 10/17/24), 2024 WL 4511650, *5. In fact, Ms. Prepotente's Motion to Enforce Settlement and for Penalties and Attorney Fees did not seek dismissal of any party nor dismissal of the entire lawsuit; thus, the judgment does not fully resolve the matter. In other words, although these parties entered into a settlement, the underlying claims between them remain pending until the action is dismissed.

The proper procedural vehicle to contest an interlocutory judgment is an application for supervisory writs. La. C.C.P. art. 2201; *Matter of Succession of Pierre,* 2023-1322 (La. App. 1 Cir. 5/31/24), 391 So.3d 686, 689. When a party improperly appeals a non-appealable interlocutory judgment, this Court has discretion to convert that appeal to an application for supervisory writs. *See Stelluto v. Stelluto,* 2005-0074 (La. 6/29/05), 914 So.2d 34, 39. However, this Court may only do so if the appeal would have been timely had it been filed as a supervisory writ application. *Matter of Succession of Pierre,* 391 So.3d at 689.

A supervisory writ application challenging a trial court's interlocutory judgment must be filed within 30 days of the notice of judgment. *See* Uniform Rules – Courts of Appeal, Rules 4-2 and 4-3; *Alost v. Lawler,* 2020-0832 (La. App. 1 Cir. 6/2/21), 326 So.3d 1255, 1261, *writ denied,* 2021-00941 (La. 10/19/21), 326 So.3d 256. When the interlocutory judgment is rendered in open court, its rendition constitutes notice to all parties, unless certain exceptions apply. La. C.C.P. art. 1914(A). Those exceptions are, if the trial court orders that an interlocutory judgment be reduced to writing, or if the trial court takes the interlocutory matter under advisement, or if a party requests that the interlocutory judgment be reduced to writing within 10 days of its rendition in open court. La. C.C.P. art. 1914(B). In such cases, the interlocutory judgment shall be reduced to writing, the trial court clerk shall mail notice of the written judgment to each party, and the 30-day delay for filing a writ application begins from the date of the mailing of the notice. *See* La. C.C.P. art. 1914(B); Uniform Rules, Courts of Appeal, Rules 4-2 and 4-3.

4

In this case, the trial court rendered its interlocutory judgment denying the motion to enforce settlement in open court on January 8, 2024. This rendition in open court constituted notice to all parties under La. C.C.P. art. 1914(A), because none of the exceptions listed in La. C.C.P. art. 1914(B) apply.[1] Ms. Prepotente's motion for appeal was not filed until April 18, 2024, which was beyond the 30-day deadline within which a writ application could have been filed. As such, we cannot convert this appeal to a supervisory writ application. Accordingly, we dismiss the appeal. Appellate relief may be available once a final judgment has been rendered. *See Myers v. Diaz*, 2022-0445 (La. App. 1 Cir. 11/4/22), 354 So.3d 78, 81, n.4.

## CONCLUSION

For the foregoing reasons, we dismiss the appeal filed by Amber L. Prepotente from the March 6, 2024 judgment. We assess costs of the appeal to Amber L. Prepotente.

**APPEAL DISMISSED.**

---

[1] Even though the March 6, 2024 judgment was later reduced to writing, the notice began from the rendition of the interlocutory judgment in open court. *See Rain CII Carbon, LLC v. Turner Industries Group, LLC*, 2014-121 (La. App. 3 Cir. 3/19/14), 161 So.3d 688, 689; *also see Spangler v. Chiasson*, 95-2113 (La. App. 1 Cir. 4/22/96), 681 So.2d 956, 957 *(per curiam)*. Further, even if the 30-day deadline within which to file a writ application would have begun when the trial court clerk mailed the notice of judgment on March 8, 2024, this appeal would still not have been a timely-filed writ application.