STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

DOCKET NUMBER
2024 CA 0980

JONATHAN SAUCIER AND TRACY SAUCIER

VERSUS

WATERFRONT EAST HOMEOWNER'S ASSOCIATION

Judgment Rendered: _____ **FEB 2 8 2025**

* * * * *

ON APPEAL FROM THE
TWENTY-FIRST JUDICIAL DISTRICT COURT, DIVISION B
IN AND FOR THE PARISH OF LIVINGSTON
STATE OF LOUISIANA
DOCKET NUMBER 178,399

HONORABLE CHARLOTTE H. FOSTER, JUDGE PRESIDING

* * * * *

Andre G. Coudrain
Patrick G. Coudrain
Hammond, Louisiana

Attorneys for Plaintiffs-Appellants
Jonathan and Tracy Saucier

Timothy E. Pujol
Barbara Lane Irwin
Ashley D. Tadda
Gonzales, Louisiana

Attorneys for Defendant-Appellee
Waterfront East Homeowner's
Association, Inc.

**BEFORE: WOLFE, MILLER, AND GREENE, JJ.**

Miller, J concurs

**GREENE, J.**

In this appeal, plaintiffs in a declaratory judgment action challenge the trial court's denial of their motion for summary judgment. After they lodged the appeal, plaintiffs filed a motion to convert their appeal to an application for supervisory writs. After review, we deny the motion, dismiss the appeal, and remand.

## FACTUAL AND PROCEDURAL HISTORY

On August 24, 2022, the State of Louisiana Department of Wildlife and Fisheries and Louisiana Wildlife and Fisheries Commission (collectively, LDWF) sold a tract of land (Tract P) located in the Waterfront East Subdivision, Livingston Parish, to plaintiffs, Jonathan and Tracy Saucier. During LDWF's ownership of Tract P, the tract had not been subject to the Waterfront East Subdivision Act of Restrictions (Subdivision Restrictions). However, on August 16, 2022, eight days before the sale to the Sauciers, LDWF recorded an Acknowledgment, whereby it, as owner, unilaterally opted in and subjected Tract P to the Subdivision Restrictions. Thereafter, on November 15, 2022, the Sauciers recorded an Act of Revocation of Acknowledgment, revoking LDWF's Acknowledgment and stating Tract P was not subject to the Subdivision Restrictions or to the authority of the Waterfront East Homeowners Association (HOA).

On June 5, 2023, the Sauciers filed a Petition for Declaratory Judgment and Damages against the HOA, seeking a declaration that Tract P was not subject to the Subdivision Restrictions. The Sauciers alleged the HOA had not followed the procedure required to subject Tract P to the Subdivision Restrictions, and, as a result, LDWF's Acknowledgment was merely an "offer" the HOA had never accepted. They further alleged the HOA was improperly trying to exercise authority over Tract P, which was delaying the Sauciers' construction of a house, bulkhead, deck, boat slip, and pool. The Sauciers also sought damages for the delay caused by the HOA's actions.

After the HOA answered the petition, the parties filed cross motions for summary judgment as to the applicability of the Subdivision Restrictions to Tract P. At the conclusion of a hearing held on March 25, 2024, the trial court denied both motions in open court. The HOA challenged the denial of its motion via an application for supervisory writs. After the trial court later signed a written judgment denying both motions on April

2

10, 2024, the Sauciers challenged the denial of their motion via a devolutive appeal from that written judgment.

This Court lodged the HOA's writ application under Docket Number 2024 CW 0581. The Sauciers later filed a motion in the writ record of Docket 2024 CW 0581 to convert their appeal to a supervisory writ application. On September 10, 2024, this Court denied the Sauciers' motion, noting that their appeal had not been lodged with this Court. On the same day, this Court denied the HOA's writ application.

This Court later lodged the Sauciers' appeal under Docket Number 2024 CA 0980. Thereafter, the Sauciers filed a motion in the appeal record to convert their appeal to a supervisory writ application; that motion was referred to this panel for decision.

## DISCUSSION

Generally, the denial of a motion for summary judgment is a non-appealable interlocutory judgment. La. C.C.P. arts. 968, 1841; *Matter of Succession of Blahut*, 2021-1221 (La. App. 1 Cir. 4/8/22), 342 So.3d 98, 100-101. The proper procedural vehicle to contest an interlocutory judgment is an application for supervisory writs. La. C.C.P. art. 2201; *Matter of Succession of Blahut*, 342 So.3d at 101, n.3. When a party improperly appeals a non-appealable interlocutory judgment, this Court has discretion to convert that appeal to an application for supervisory writs. *See Stelluto v. Stelluto*, 2005-0074 (La. 6/29/05), 914 So.2d 34, 39. However, this Court may only do so if the appeal would have been timely had it been filed as a supervisory writ application. *Matter of Succession of Pierre*, 2023-1322 (La. App. 1 Cir. 5/31/24), 391 So.3d 686, 689.

A supervisory writ application challenging a trial court's interlocutory judgment must be filed within 30 days of the notice of judgment. *See* Uniform Rules – Courts of Appeal, Rules 4-2 and 4-3;[1] *Alost v. Lawler*, 2020-0832 (La. App. 1 Cir. 6/2/21), 326

---

[1] Rule 4-2 of the Uniform Rules, Courts of Appeal provides:
> The party, or counsel of record, intending to apply to the Court of Appeal for a writ shall give to the opposing parties or the opposing counsel of record, notice of such intention. The party, simultaneously, shall give notice to the judge whose ruling is at issue, by requesting a return date to be set by the judge within the time period provided for in Rule 4-3.

Rule 4-3 of the Uniform Rules, Courts of Appeal, pertinently provides:
> The judge who has been given notice of intention as provided by Rule 4-2 shall immediately set a reasonable return date within which the application shall be filed in the Court of Appeal. The return date in civil cases shall not exceed 30 days from the date of notice of the judgment, as provided in La. C.C.P. art. 1914. ... In all cases, the judge shall set an explicit return date; a Court of Appeal shall not infer a return date from the record.

So.3d 1255, 1261, *writ denied*, 2021-00941 (La. 10/19/21), 326 So.3d 256. When the interlocutory judgment is rendered in open court, its rendition constitutes notice to all parties, unless certain exceptions apply. La. C.C.P. art. 1914(A). Those exceptions are, if the trial court orders that an interlocutory judgment be reduced to writing, or if the trial court takes the interlocutory matter under advisement, or if a party requests that the interlocutory judgment be reduced to writing within 10 days of its rendition in open court, then the interlocutory judgment shall be reduced to writing. La. C.C.P. art. 1914(B). In such cases of a written judgment, the trial court clerk shall mail notice of the written judgment to each party, and the 30-day delay for filing a writ application begins from the date of the mailing of the notice. *See* La. C.C.P. art. 1914(B); Uniform Rules – Courts of Appeal, Rules 4-2 and 4-3.

In this case, the trial court rendered its interlocutory judgment denying both motions for summary judgment in open court on March 25, 2024. This rendition in open court constituted notice to all parties under La. C.C.P. art. 1914(A), because none of the exceptions listed in La. C.C.P. art. 1914(B) apply. The trial court did not order that the interlocutory judgment be reduced to writing and did not take the matter under advisement. Further, the record does not show that the parties timely requested that the interlocutory judgment be reduced to writing within 10 days of March 25, 2024.[2] Thus, the 30-day delay for filing a writ application began to run on March 25, 2024, and expired on April 25, 2024. The Sauciers' motion for appeal was not filed until May 8, 2024. Thus, because the motion for appeal was not filed within 30 days of the notice of judgment, it cannot be considered a timely-filed application for supervisory writs under Uniform Rules – Courts of Appeal, Rule 4-3. Accordingly, we decline to convert the Sauciers' appeal to an application for supervisory writs. *U.S. Bank National Association as Trustee for RFMSI 2005S7 v. Dumas*, 2021-0585 (La. App. 1 Cir. 12/22/21), 340 So.3d 246, 251. The parties

---

[2] Even though the trial court's interlocutory judgment denying both motions for summary judgment was later reduced to a written judgment signed on April 10, 2024 judgment, it remained a non-appealable interlocutory judgment, and its rendition in open court constituted notice to the parties. *See La. C.C.P. arts. 968, 1841; also see Matter of Succession of Blahut*, 352 So.3d at 100-101; *Rain CII Carbon, LLC v. Turner Industries Group, LLC*, 2014-121 (La. App. 3 Cir. 3/19/14), 161 So.3d 688, 689; and *Spangler v. Chiasson*, 95-2113 (La. App. 1 Cir. 4/22/96), 681 So.2d 956, 957 *(per curiam)*.

4

can seek appellate relief once a final judgment has been rendered and all issues are properly before this Court on appeal. *See* La. C.C.P. art. 2083.

## CONCLUSION

For the above reasons, we deny Jonathan and Tracy Sauciers' motion to convert their appeal of the April 10, 2024 written judgment (rendered in open court on March 25, 2024) to an application for supervisory writs, and we dismiss their appeal. We remand this matter to the trial court for further proceedings. We assess costs of the appeal to Jonathan and Tracy Saucier.

**MOTION TO CONVERT APPEAL TO APPLICATION FOR SUPERVISORY WRITS DENIED; APPEAL DISMISSED; REMANDED.**